<u>NOT FOR PUBLICATION</u>                    (Docket Entry Nos. 12, 15)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____     :
                                :
LINDA M. HOFFMAN,               :
                                :
            Plaintiff,          :   Civil No. 04-3554 (RBK)
                                :
       v.                       :   **OPINION**
                                :
VERIZON NEW JERSEY INC.,        :
et al.,                         :
                                :
            Defendants.         :
_____     :


**KUGLER**, United States District Judge:

       In this civil action, plaintiff Linda M. Hoffman sues defendants Verizon New Jersey Inc. ("Verizon") and Verizon Services Corp. under the Family and Medical Leave Act of 1993 ("FMLA"), the New Jersey Family Leave Act ("NJFLA"), and the New Jersey Law Against Discrimination ("NJLAD").  The complaint alleges that Verizon violated the aforementioned statutes by refusing to treat two of Hoffman's absences from work as "medical leave," disciplining Hoffman for the absences, and retaliating against her when she hired an attorney.  This matter comes before the Court upon (1) Verizon's motion to dismiss Hoffman's substantive claims on grounds of (a) mootness and (b) failure to state a claim upon which relief can be granted, and (2) Hoffman's

cross-motion for attorney's fees.  For the reasons expressed below, Verizon's motion to dismiss will be granted and Hoffman's cross-motion for attorney's fees will be denied.

I.      **FACTUAL BACKGROUND**

At all times relevant to this case, Hoffman was employed by Verizon New Jersey, Inc. as a facilities technician. She was absent from work on two relevant occasions.  During her first absence—November 7-12, 2003—Hoffman had the flu.  During her second absence—March 25-26, 2004—she was caring for her sick daughter.

Regarding the November 2003 absence, Hoffman originally submitted an FMLA certification form that referred to her first day of absence as being October 29, 2003.  (Hoffman had also been absent from work from October 29, 2003 to November 1, 2003, again with the flu, and was accorded FMLA leave for that period.) Verizon initially denied this request for medical leave because it was unclear that Hoffman's certification form also related to the November 7-12 absence.

Regarding the March 2004 absence, Hoffman originally submitted an FMLA certification form in which her daughter's physician stated that the daughter had been incapacitated for two days.  However, FMLA regulations provided that Hoffman was not eligible for medical leave unless her daughter's incapacity had

lasted three consecutive days or more.  See 29 C.F.R. § 825.114. After its Physician Advisor called the daughter's doctor on April 20, 2004 "to confirm the contents of the form," and after the doctor confirmed that the incapacity had lasted two days, Verizon denied Hoffman's request for medical leave as to the March 2004 absence.

Because Hoffman's November 2003 and March 2004 absences were not originally approved as FMLA leave, those absences were treated by Verizon as "chargeable" under Verizon's attendance policy and guidelines.  Those guidelines provided for five disciplinary "steps" upon which an employee could be placed, depending on that employee's number of chargeable absences.  With two chargeable absences, Hoffman was placed on Step 2 and suspended from May 24, 2004 until June 4, 2004.

On May 11, 2004, Hoffman's attorney wrote to Verizon's Absence Reporting Center ("ARC"), requesting reconsideration of the denials of medical leave.  Lynne A. Sousa, a member of Verizon's Legal Department, received the letter on May 20, 2004. On June 30, 2004, Sousa informed Hoffman's attorney that the information submitted by Hoffman regarding her November 2003 absence had been overlooked, that Verizon's decision regarding that absence would be reversed, and that the absence would be treated as FMLA leave.  Consequently, Hoffman was moved to Step 1 and, on July 30, 2004, paid for the time she was suspended.

Hoffman did not communicate further with Verizon following her May 11, 2004 letter. Rather, she filed her Complaint, along with a proposed Order to Show Cause, in the Superior Court of New Jersey, Law Division, Burlington County on July 7, 2004. In a cover letter accompanying the proposed order, Hoffman's attorney acknowledged that Sousa's June 30, 2004 letter "apparently moots certain factual issues raised in this litigation."

Verizon removed the action to this Court on July 26, 2004.

On July 28, 2004, Verizon sent Hoffman an FMLA certification package "to permit her a second opportunity to provide a correctly completed certification form" as to her March 2004 absence. Hoffman submitted to Verizon a second FMLA certification form, dated August 13, 2004, in which her daughter's doctor clarified that the daughter's March 2004 incapacity had lasted for eight days, not two. On September 10, 2004, the ARC informed Hoffman that her request for FMLA leave for her March 2004 absence had been approved. Consequently, Hoffman was removed from Step 1, and all remaining disciplinary action against her, i.e., a disciplinary letter in lieu of a five-day suspension, reversed.

4

**II.     ANALYSIS**

    **A.     Mootness**

"Article III's 'case or controversy' requirement prevents federal courts from deciding cases that are moot."[1] <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 698 (3d Cir. 1996). "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." <u>Blanciak</u>, 77 F.3d at 698-99.

Having presented evidence that it has already reversed all disciplinary action taken against Hoffman, Verizon argues that this action should be dismissed as moot. Hoffman, whose brief does not oppose Verizon's motion to dismiss, presents no evidence to the contrary; rather, Hoffman acknowledges that a determination with respect to attorney fees "will resolve this litigation in entirety." Because Hoffman thus admits that her "personal stake" in the outcome of this suit has been eliminated

---

[1] The "mootness" aspect to Verizon's motion to dismiss is thus a "factual" challenge to this Court's subject matter jurisdiction. In deciding such an issue, the trial court "accords plaintiff's allegations no presumption of truth," <u>Turicentro, S.A. v. Am. Airlines Inc.</u>, 303 F.3d 293, 300 n.4 (3d Cir. 2002), but rather "may look beyond the allegations of the complaint and view whatever evidence has been submitted." <u>See Blumenthal v. Murray</u>, 946 F. Supp. 623, 626 n.3 (N.D. Ill. 1996); <u>see also Turicentro</u>, 303 F.3d at 300 n.4 (acknowledging the trial court's "discretion to allow affidavits, documents, and even limited evidentiary hearings").

as to her claims for declaratory judgment, equitable relief, and compensatory and punitive damages, those claims will be dismissed as moot. Thus, the sole remaining issue in this case is Hoffman's claim for attorney's fees under the FMLA and/or the NJFLA.[2]

### B. Attorney Fees and Legal Costs

#### 1. NJFLA

The NJFLA provides that the court "may" award attorney's fees to a "prevailing party." N.J.S.A. § 34:11B-12. There appear to be no New Jersey cases interpreting the meaning of this particular provision. This Court will, therefore, look to the New Jersey courts' interpretations of other "prevailing party" fee-shifting statutes.

---

[2] Verizon also moves to dismiss Hoffman's FMLA and NJFLA claims for failure to state a claim upon which relief can be granted. In support of its motion, Verizon presents evidence that Hoffman suffered no damages and was not subject to an adverse employment action. However, Verizon does not move for summary judgment under Rule 56; it moves to dismiss for failure to state a claim under Rule 12(b)(6). Therefore, this Court must "accept[] all allegations in the complaint as true, view[] them in the light most favorable to the plaintiff[], and determin[e] whether they state a claim as a matter of law." See Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

In her complaint, Hoffman alleges that Verizon "charged" her absences "against" her and "subjected" her "to job assignments and employment demands inconsistent with past practice." Viewed in the light most favorable to Hoffman, these statements allege damages and adverse employment action. Because Rule 12(b)(6) is not, therefore, an independent ground upon which to grant Verizon's motion to dismiss Hoffman's FMLA and NJFLA claims, this Court must address Hoffman's motion for attorney's fees.

Verizon argues that in order to be a "prevailing party" under New Jersey law, a plaintiff must obtain "an enforceable judgment against the defendant, or comparable relief through a settlement or consent decree." There is New Jersey law to support this proposition. See Tarr v. Ciasulli, 181 N.J. 70, 85-87 (2004) (providing dicta "for purposes of completeness and guidance in future cases"); Davidson v. Roselle Park Soccer Federation, 304 N.J. Super. 352, 357 (Ch. Div. 1996). Under this standard, Hoffman is not entitled to an attorney's fee under the NJFLA because she obtained neither an enforceable judgment nor comparable relief through settlement or consent decree.

Hoffman responds by citing various cases in which a plaintiff was held to be a "prevailing party" because her lawsuit acted as a "catalyst" for a desired change in the defendant's behavior. Cf. Ashley v. Atl. Richfield Co., 794 F.2d 128 (3d Cir. 1986); Institutionalized Juveniles v. Sec'y of Pub. Welfare, 758 F.2d 897 (3d Cir. 1985); Singer v. New Jersey, 95 N.J. 487 (1984); Warrington v. Village Supermarket, Inc., 328 N.J. Super. 410 (App. Div. 2000); N.J. Citizen Action v. Riviera Motel Corp., 296 N.J. Super. 402 (App. Div. 1997); H.I.P. v. K. Hovanian at Mahwah VI, Inc., 291 N.J. Super. 144 (Law Div. 1996). However, in each of these cases, the plaintiff had either obtained an enforceable judgment against the defendant, or the parties had entered into a consent decree and/or settlement. Thus, none of

these cases stands for the proposition that a plaintiff may be a "prevailing party" absent some change in the legal relationship between the parties. For this reason, and because Hoffman has obtained neither an enforceable judgment against Verizon nor comparable relief through settlement or consent decree, Hoffman's motion for attorney's fees under the NJFLA will be denied.

### 2.   FMLA

The court in an FMLA action "shall" award a reasonable attorney's fee and other costs "in addition to any judgment awarded to the plaintiff." 29 U.S.C. § 2617(a)(3). Thus, the FMLA does not provide for an attorney's fee unless the plaintiff wins a "judgment." Cf. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 629 (2001) (Ginsburg, J., dissenting) (contrasting "prevailing party" language of fee-shifting provisions in some federal statutes with "prescriptions that so tightly bind fees to judgments as to exclude the application of a catalyst concept"). Because there has been no judgment entered in this case, Hoffman is not entitled to an attorney's fee under the FMLA.

Hoffman's brief ignores the distinction between the language of this attorney's fee provision and the one in the NJFLA, arguing that the FMLA mandates an award of attorney's fees to a "prevailing party." Even if this were the case, though, Hoffman would still not be entitled to an attorney's fee. In

Buckhannon, the Supreme Court held that the term "prevailing party" does not include "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." See Buckhannon, 532 U.S. at 600.  Rather, a party "prevails" only where there is a "material alteration of the legal relationship of the parties."  See id. at 604 (emphasis added).  Though this holding specifically applied only to the fee-shifting provisions of the Fair Housing Amendments Act and the Americans with Disabilities Act, the Buckhannon Court suggested that its ruling would apply to other federal "prevailing party" fee-shifting provisions.  See id. at 603 n.4 ("We have interpreted these fee-shifting provisions consistently, and so approach the nearly identical provisions at issue here.") (citation omitted); see also John T. ex rel. Paul T. v. Del. County Intermediate Unit, 318 F.3d 545, 556 (3d Cir. 2003) (holding that Buckhannon applies to "prevailing party" fee-shifting provision of IDEA).  Because there has been no material alteration of the legal relationship of the parties to this case, Hoffman has not shown that she is entitled to an attorney's fee even under her erroneous interpretation of the FMLA.

### 3. Hoffman's Other Arguments

Because it is clear under federal and New Jersey law

9

that Hoffman is not entitled to an attorney's fee under either the FMLA or the NJFLA, Hoffman's "public policy" argument is unavailing. Her "equitable estoppel" argument is unconvincing because Hoffman's failure to obtain an enforceable judgment or comparable relief through settlement or consent decree is unrelated to whether Verizon should have responded earlier than June 30, 2004 to her lawyer's May 11, 2004 letter.

### III. CONCLUSION

For the reasons expressed above, Verizon's motion to dismiss will be granted and Hoffman's cross-motion for attorney's fees and costs will be denied. The accompanying Order shall issue today.

Dated: May 4, 2005                     /s/ Robert B. Kugler
                                       ROBERT B. KUGLER
                                       United States District Judge